**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

IVAN COLON,

                                        Plaintiff,

                -v-                                              Civ. No. 1:08-CV-219
                                                                         (NAM/RFT)

MICHAEL J. ASTRUE, *Commissioner of Social Security*,

                                        Defendant.

**APPEARANCES:**                                    **OF COUNSEL:**

IVAN COLON
06-A-2287
Plaintiff, *Pro se*
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051

SOCIAL SECURITY ADMINISTRATION                    SOMMATTIE RAMRUP, ESQ.
Attorney for Defendant
Office of Regional General Counsel
Region II
26 Federal Plaza – Room 3904
New York, New York 10278

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

                    **REPORT-RECOMMENDATION and ORDER**

        *Pro se* Plaintiff Ivan Colon brings this action challenging the determination of the

Commissioner of Social Security Administration (SSA) that he was not entitled to Supplemental

Security Income (SSI) benefits as provided for in Title XVI of the Social Security Act.  *See*

*generally* Dkt. No. 1, Compl.  The Commissioner of Social Security moves to dismiss Colon's

Complaint claiming he failed to institute this action within the sixty-day period set by 42 U.S.C. §

405(g).  Dkt. No. 14.  Plaintiff opposes Defendant's Motion.  Dkt. No. 15.  For the reasons that

follow, we recommend **denying** Defendant's Motion and allowing this case to proceed.

## I. DISCUSSION

Absent Congressional consent to be sued, the United States is immune from suit and federal courts lack subject matter jurisdiction to entertain suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoted in *Makarova v. United States*, 201 F.3d at 113). Where the United States waives sovereign immunity and consents to be sued, the terms of such consent define the court's jurisdiction to entertain the suit. *Id*. In the case at bar, the express Congressional consent to suit can be found at 42 U.S.C. § 405(g), which authorizes judicial review of cases arising under Title XVI of the Social Security Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

It is clear from the statute that judicial review is only permitted in accordance with the terms therein. *Id*. at § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Thus, the statute conferring subject matter jurisdiction to this Court clearly limits our review to a particular type of agency action, that being a "final decision of the Secretary made after a hearing," and such action must be "commenced within sixty days" after receipt of the decision, "or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

Prior to commencing a federal action, a claimant must pursue an unfavorable decision through all steps of the administrative process at the SSA, the final step being a request for review

from the Appeals Council. 20 C.F.R. §§ 416.1400(a)(1)-(a)(5). The Appeals Council's decision is binding unless the claimant files an action in federal district court within sixty days of receipt of the decision. *Id*. at § 416.1481. Pursuant to the Regulations, it is presumed that the claimant receives notice of a denial of a request for review five days after the date on the notice, thus, the claimant actually has sixty-five days from the date on the notice to commence a civil action in federal court. *Id*. at §§ 416, 1401, 416.1481, & 422.210(c).

In the case at bar, the Appeals Council denied Colon's request for review in a notice dated November 29, 2007. Applying the Regulations calculations, Colon is presumed to have received notice of that denial on December 4, 2008, and any request for federal review had to be filed by February 4, 2008.[1] The Clerk of the Court docketed Colon's Complaint on February 22, 2008, thus, it would appear at the outset that the case was not timely filed. We note, however, that all of the documentation accompanying the Complaint were signed by Colon on or about January 25th and 29th, 2008. *See* Dkt. No. 1, Compl. (signed Jan. 25, 2008); Dkt. No. 1-2, Pl.'s Aff. in Support of Compl. (signed and notarized Jan. 25, 2008); Dkt. No. 1-3, Aff. of Serv. (signed and notarized Jan. 29, 2008); Cover Lt. to Clerk of the District Court (signed Jan. 28, 2008). In opposition to Defendant's Motion, Plaintiff supplies the Court with a "Disbursement or Refund Request," dated January 29, 2008, for an amount of $5.05 for legal postage. Dkt. No. 15, Ivan Colon Aff., dated Aug. 12, 2008, Ex. A. Plaintiff posits that this Exhibit proves that he sent his filing documents in a timely manner to the facility mail-room for processing and asks that the Court apply the prisoner mailbox rule and find that his papers be considered mailed as of January 29, 2008, the day he requested advancement for postage, or January 30, 2008, the date his request was approved. Colon

---

[1] Though technically, the deadline would have been February 2, 2008, because that day was a Saturday, Colon would have until the following Monday to file his federal action.

Aff. at ¶¶ 6-9.

In *Houston v. Lack,* 487 U.S. 266 (1988), the Supreme Court held that the "filing" of an incarcerated *pro se habeas* petitioner's notice of appeal under FED. R. APP. P. 4(a)(1) is deemed to be "filed" when he delivers the mailing to prison authorities for forwarding to the court.  The Supreme Court discussed the unique barriers prisoners face that private, ordinary citizens do not have to endure when it comes to filing papers in a court.  For example, ordinary citizens may travel to the courthouse and observe the clerk stamp their papers "received" or they may personally place their papers directly into the hands of the United States Postal Service or other postal carrier and follow its progress by calling the court.  *Id.* at 271.  Prisoners do not have such options.  In fact, because the *pro se* prisoner must depend upon prison authorities to deliver the mail, the Court stated that the mailbox rule would apply in this context.  *Id.* at 271 & 273-76.

The "filing" rule in *Houston* has been extended to other cases to determine the date of filing and the Second Circuit "has consistently applied the mailbox rule to papers filed by state prisoners **initiating federal actions**."  *Fernandez v. Artuz*, 402 F.3d 111, 114 n.2 (2d Cir. 2005) (emphasis added) (citing *Fernandez v. Artuz*, 175 F. Supp. 2d 682, 684 n. 1 (S.D.N.Y. 2001) (discussing timeliness of *habeas* petition); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 n. 1 (2d Cir. 1999) (applying the *Houston* rule to the filing of administrative claims under Federal Tort Claims Act ("FTCA"), but stating that the *Houston* rule will not apply when there is a "specific statutory regime to the contrary"); & *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on other grounds on reh'g*, 25 F.3d 81 (2d Cir. 1994) (applying *Houston* rule to § 1983 complaints filed by state prisoners)); *see also Adeline v. Stinson*, 206 F.3d 249, 251 n. 1 (2d Cir. 2000) ("When a prisoner is proceeding *pro se*, as petitioner then was, federal courts generally consider his or her petition for *habeas corpus*

to have been filed as of the date it was given to prison officials for forwarding to the court clerk."); *Atkinson v. United States*, 2005 WL 3555946, at *3 (N.D.N.Y. Dec. 28, 2005) (noting that "a federal habeas petition is deemed properly filed when *the prisoner* delivers the petition *to a prison official for mailing*" (citing *Fernandez v. Artuz*, 175 F. Supp. 2d at 684)) (emphasis in original).

Courts in other circuits have also extended the *Houston* rule. *See Longenette v. Krusing*, 322 F.3d 758, 764-65 (3d Cir. 2003) (holding that the mailbox rule applies in an administrative forfeiture case) (cited in *Fernandez v. Artuz*, 402 F.3d at 114 n.2); *Casanova v. Dubois*, 304 F.3d 75, 79 (1st Cir. 2002) (extending rule to state prisoner filing § 1983 complaint); *United States v. Moore*, 24 F.3d 624 (4th Cir. 1994) (applying the *Houston* rule to a notice of appeal in a criminal matter); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (extending the mailbox rule to state and federal prisoners filing § 1983 complaints and FTCA claims); *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (extending rule to objections filed to a magistrate judge's report and recommendation); *Simmons v. Ghent*, 970 F.2d 392, 393 (7th Cir. 1992) (applying rule to a Rule 59(e) motion); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735-36 (4th Cir. 1991) (extending rule to civil complaints); *Moskovits v. Drug Enforcement Admin.*, 774 F. Supp. 649, 653 (D.D.C. 1991) (extending the mailbox rule to the filing of an affidavit with the Drug Enforcement Administration for forfeiture purposes); *Ortiz v. Cornetta,* 867 F.2d 146, 148-49 (2d Cir.1989) (extending the mailbox rule to the filing of complaints for statute of limitation purposes).

Since the *Houston* rule is applicable to instances wherein a prisoner seeks to initiate federal actions, we are persuaded that the rule should also be applicable to filing a Complaint seeking review of the Social Security Administration's denial of disability insurance. In this respect, we find that the same policy argument exists in that the inmate must rely on prison officials to mail the

complaint on the inmate's behalf and therefore the inmate is subject to the efficiency of the prison administration.

In the case at bar, while we can't be entirely sure that the "Disbursement or Refund Request" submitted by Colon directly relates to the within Complaint, we are assured of the dates within which his Complaint and accompanying documents were signed and notarized, including a notarized Affidavit of Service, avowing service on January 29, 2008. Considering then the balance of equities, we find that Colon's Complaint was filed on January 29, 2008, for, when applying the prisoner mailbox rule, it is this date by which we presume Colon handed the papers to prison authorities for processing. With a filing deadline of February 4, 2008, Colon's Complaint was timely commenced and we therefore recommend **denying** the Commissioner's Motion to Dismiss.[2]

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Defendant's Motion to Dismiss (Dkt. No. 14) be **DENIED** and the Commissioner be directed to file an Answer and Administrative Record in accordance with General Order 18; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE</u>**

---

[2] We are at a loss as to why such a gap exists between the date Colon presumably handed his Complaint to prison officials for processing, January 29, 2008, and the date it was actually received and docketed by the Clerk of the Court, February 22, 2008. We will not engage in any conjecture nor hold such delay against the *pro se* prisoner, for this is precisely the type of prejudice the mailbox rule is intended to prevent.

**APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Date:   February 3, 2009
         Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

-7-