**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**IVAN COLON,**

                **Plaintiff *Pro Se*,**

**v.**                                                                           **1:08-CV-219 (NAM/RFT)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

Ivan Colon
06-A-2287
Fulton Correctional Facility
1511 Fulton Avenue
Bronx, NY 10457
Plaintiff *Pro Se*

Social Security Administration                Sommattie Ramrup,
Office of Regional General Counsel            Special Assistant U.S. Attorney
Region II
26 Federal Plaza - Room 3904
New York, NY 10278

Richard S. Hartunian
United States Attorney
100 South Clinton Street
Syracuse, New York 13261-7198

Hon. Norman A. Mordue, Chief U.S. District Judge:

## MEMORANDUM DECISION AND ORDER

**I.     INTRODUCTION**

      Plaintiff Ivan Colon brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of

the Social Security Act seeking review of the Commissioner of Social Security's decision to deny

his application for supplemental security income ("SSI"). On April 26, 2004, plaintiff[1] filed an application for SSI benefits alleging disability beginning November 1, 2003. Plaintiff alleged inability to work due to human immunodeficiency virus ("HIV"), hepatitis B, and hepatitis C. Plaintiff's application was denied on July 30, 2004. Plaintiff requested, and on May 31, 2007, received, a hearing before an administrative law judge ("ALJ"). Plaintiff, who was incarcerated at Greene Correctional Facility in Coxsackie, New York, appeared by video for the hearing. ALJ Paul A. Heyman informed plaintiff of his right to representation but plaintiff elected to proceed with the hearing *pro se*. On August 15, 2007, the ALJ issued a decision finding that plaintiff was not disabled and denied his application for SSI benefits. On November 29, 2007, the Appeals Council denied plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. On January 22, 2008, plaintiff filed this action.

## II.   ADMINISTRATIVE TRANSCRIPT

### A.   Documents

The Administrative Transcript contains a "Disability Report" dated December 1, 2005, in which plaintiff indicated that he underwent medical treatment at the Spellman Center and Fulton Correctional Facility. In a letter to plaintiff dated December 2, 2005, ALJ Louis Zamora requested plaintiff's assistance in obtaining "additional evidence to complete the record". Several forms were enclosed with the letter, and plaintiff was directed to have the forms completed by his current treating physician. Additionally, ALJ Zamora asked plaintiff to send "copies of your treatment records" as well as "any other reports or records from your doctor(s)." The forms in the Administrative Transcript are blank and handwritten across the top is "Ivan Colon is in jail" in

---

[1] Plaintiff was forty-seven at the time he applied for disability benefits.

2

Westchester, New York.

Although there are no medical records in the Administrative Transcript, there is a "Medical Source Statement of Ability to do Work-Related Activities (Physical) by "D. Smith, M.D." dated July 10, 2007.  This statement appears to have been submitted in response to a subpoena by the ALJ to Greene Correctional Facility requesting "all medical records" and the completion of "the attached Medical Assessment Form".  Dr. Smith notes that this form is based on "assessment of institutional medical record and from interpretation of [illegible] current and previous program within institution".  According to the assessment, plaintiff can lift and carry up to twenty pounds continuously and up to one hundred pounds frequently.  Dr. Smith stated that plaintiff can sit for eight hours and stand and walk for six hours in an eight hour work day.  Dr. Smith indicated that plaintiff can climb stairs and ladders, balance, stoop, kneel, crouch, and crawl frequently.  Dr. Smith stated that plaintiff could frequently endure environmental limitations including heights, humidity, cold, and heat.

Dr. Smith's medical assessment was proffered to plaintiff together with a letter from the ALJ asking whether there was any reason not to include the document in evidence: "I only have one additional document that I received from Green[e]: A Medical Source Statement dated 7/10/07 from D. Smith, MD (copy enclosed).  Unless you provide me with reason not to do so, the document will be marked in evidence and I will weigh it in my evaluation of your case."  In his facsimile response dated August 8, 2007, plaintiff states: "I, Mr. Ivan Colon, agree with all information that I reviewed of medical papers".

**B.     Hearing**

At the hearing, plaintiff testified that he had been at Greene Correctional Facility since

3

June 30, 2006. Plaintiff testified that he could read and write, attended school until eleventh grade, and that he was in the process of trying to obtain a GED. Plaintiff stated that he previously worked as an electrician's helper.

Plaintiff testified that he was diagnosed with HIV in 1995, and that he has had thrush and shingles in the past few years. Plaintiff stated he had also been diagnosed with hepatitis B and C. Plaintiff testified that he has had night sweats and fevers and that the night sweats "go[] on and off". Plaintiff stated that he was receiving medication, including Combivir and Sustiva, and medical treatment at Greene Correctional Facility. Plaintiff testified that he suffers dizziness as a side effect from the medication. Regarding his "T cell count", plaintiff stated that in 1995 it was 10 and at the time of the hearing it was "860-something" and that the virus was "undetectable." Plaintiff testified that he suffers from diarrhea periodically, but has not had a problem with his appetite. Plaintiff stated that in the last year he had not had significant weight gain or loss.

Plaintiff testified that his right side was "a little swollen" as a result of hepatitis C, and that a recent biopsy at Albany Medical Care had revealed "some damage on [his] liver" and that he had been told that he was going to begin receiving treatment for his liver. Plaintiff testified that his regular treating physician at Albany Medical Care was "Rosenfield".

Plaintiff testified that at the correctional facility, he works cleaning the recreational quarter from 8:00 a.m. to 10:30 a.m. five days a week and that he goes to school for his GED in the evening. Plaintiff stated that he sometimes begins to feel fatigued by the middle of the day but that overall he feels "strong".

### III. DISCUSSION

The Social Security Act (the "Act") authorizes payment of disability insurance benefits to

4

individuals with "disabilities." The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). There is a five-step analysis for evaluating disability claims:

> "In essence, if the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do." The claimant bears the burden of proof on the first four steps, while the Social Security Administration bears the burden on the last step.

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002)); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (internal citations omitted).

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw*, 221 F.3d at 131. Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

In this case the ALJ found at step one that plaintiff has not engaged in substantial gainful activity since the alleged onset date of his disability. At step two, the ALJ concluded that plaintiff suffered from HIV, hepatitis B, and hepatitis C, which qualify as severe impairments within the

5

meaning of the Social Security Regulations (the "Regulations").  At the third step of the analysis, the ALJ determined that plaintiff's impairments did not meet or equal the severity of any impairment listed in Appendix 1 of the Regulations.  The ALJ found that plaintiff had the residual functional capacity ("RFC") "to perform the full range of medium work . . .the maximum exertion that the claimant can perform during an eight hour day with normal breaks would allow her [sic] to push or pull up to fifty pounds occasionally and up to twenty-five pounds frequently."  At step four, the ALJ concluded that plaintiff "is unable to perform any past relevant work".  At the final step, relying on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ concluded that "[b]ased on a residual functional capacity for the full range of medium work, considering the claimant's age, education, and work experience, a finding of 'not disabled' is directed by Medical-Vocational Rule 203.26."

In his brief, plaintiff asserts that he "feel[s] that somewhere along the line something was missed concerning my medical situation.  I can also provide the court with the address of the hospital that use to treat me before my incarceration".  Plaintiff also offers to provide the names of prior medical providers as well as medical facilities where he has received treatment.  The Court construes plaintiff's assertion as an argument that the ALJ failed to fulfill his duty to develop the record.

The ALJ has an affirmative duty to develop the administrative record.  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).  This duty is heightened when a claimant proceeds *pro se*. *Echevarria v. Secretary of Health and Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982) ("Where, as here, the claimant is unrepresented by counsel, the ALJ is under a heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.")

6

(internal quotation marks omitted); *see also* 20 C.F.R. § 416.912(d) ("Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary").

The Court finds that the ALJ did not fulfill his duty to develop the record. As stated, the only medical record in the Administrative Transcript is the medical assessment by Dr. Smith. The ALJ described Dr. Smith as "a physician with a comprehensive knowledge of the claimant (acquired through the treating relationship)" and assigned "highly significant weight" to Dr. Smith's assessment. As an initial matter, there is no indication in the assessment or elsewhere in the Administrative Transcript that Dr. Smith examined or treated plaintiff. Thus, there is no basis in the record to support the ALJ's description of Dr. Smith as having comprehensive knowledge of plaintiff. Moreover, although Dr. Smith stated that the medical assessment was based on plaintiff's "institutional medical record", that record is not contained in the Administrative Transcript. Nor is there any evidence that the ALJ re-contacted Greene Correctional Facility in an attempt to obtain it.

At the hearing, plaintiff identified his treating physician as "Rosenfield" and indicated that he had undergone testing at Albany Medical Care. The Spellman Center and Fulton Correctional Facility are identified in the Disability Report as having provided treatment to plaintiff. There is no evidence, however, showing that the ALJ requested information from Dr. Rosenfield, Albany Medical Care, the Spellman Center, or Fulton Correctional Facility.[2]

---

[2] During the hearing, the ALJ and plaintiff discussed the medical documentation in the record and the ALJ stated "I've got very little here and what I'm most likely going to have to do is to issue subpoenas for whatever documents that are available." There is no indication subpoenas were issued.

In view of the gaps in this record, remand is required.  On remand, the Commissioner should request medical records, including treatment notes, and test results from Dr. Rosenfield; Greene Correctional Facility; Albany Medical Care; the Spellman Center; and Fulton Correctional Facility.  After reviewing the medical evidence, the Commissioner should reconsider plaintiff's application for SSI.

### IV.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Commissioner's motion for judgment on the pleadings is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for judgment on the pleadings is **GRANTED**; and it is further

**ORDERED** that this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Decision and Order; and it is further

**ORDERED** that this case is closed.

**IT IS SO ORDERED.**

Date:   March 7, 2011

_____
Norman A. Mordue
Chief United States District Court Judge